UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
: 
**RICHARD JALONACK,** :
: Civil Action No. 08-5443(KSH)
**Plaintiff,** :
:
v. : ORDER ON INFORMAL APPLICATION &
: SECOND AMENDED PRETRIAL
: SCHEDULING ORDER
:
**NEWARK BETH ISRAEL MEDICAL** :
**CENTER, ET AL.,** :
:
**Defendants** :
_____:

**THIS MATTER** having come before the Court by way of letter dated September 21, 2009 regarding the plaintiff's request for a telephone conference to discuss dispositive motion practice; and the Court having conducted a telephone status conference on the record on September 25, 2009; and the parties advising that all discovery is complete and each side intends to file a dispositive motion; and the Court having set deadlines acceptable to the parties; and for the reasons discussed during the telephone conference; and for good cause shown,

IT IS on this 25th day of September, 2009

**ORDERED THAT:**

The request for leave to file dispositive motions and for an extension of the deadline to submit the joint proposed final pretrial order is granted as set forth herein. Nothing herein constitutes a ruling concerning the merits of any such motions;

**IT IS FURTHER ORDERED THAT:**

**I. COURT DATES**

1. There shall be a telephone status conference before the Undersigned on **TO BE SET REQUESTED.** Plaintiff shall initiate the telephone call.

2. There will be a settlement conference before the Undersigned on **TO BE SET IF REQUESTED**. Trial Counsel and clients with full settlement authority must attend the conference. If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.  A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 28, 2009 at 1:00 p.m.** The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference only if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

## II. DISCOVERY AND MOTION PRACTICE

4.  a. Fed. R. Civ. P. 26 disclosures and medical releases are to be exchanged on or before **deadline passed.**

    b. No later than **deadline passed**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

    c. The plaintiff shall provide signed medical authorizations no later than **deadline passed.**

5.  Discovery necessary to engage in meaningful settlement discussions: plan documents, deposition of the plaintiff, and deposition of at least one defendant' representative at the final meeting with the plaintiff, which will be produced/competed by **deadline passed.**

6.  The parties may serve interrogatories limited to 25 single questions including subparts and requests for production of documents on or before **deadline passed,** which shall be responded to no later than **deadline passed.**

7.  The number of depositions to be taken by each side shall not exceed 10. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d) (3) (A). No instruction not to answer shall be given unless a privilege is implicated. The depositions shall be completed no later than **deadline passed.**

8.  Fact discovery is to remain open through **deadline passed**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.  Counsel shall confer in a good faith attempt to informally resolve any and all discovery disputes before seeking the Court's intervention. Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient. No further submissions regarding the dispute may be submitted without leave of Court. If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

---

[1] If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **deadline passed** . The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date. If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

11. a. Any motion to amend the pleadings or join parties shall be filed no later than **deadline passed.**

b. Simultaneous cross-motions for summary judgment shall be filed no later than **November 13, 2009** and the opposition shall be filed no later than **November 30, 2009.** No extensions under L. Civ. R. 7.1 may be invoked. The return date shall be **December 7, 2009** before the Hon. Katharine S. Hayden. Her Honor's Chambers will advise the parties if oral argument will be required. either in person or by teleconference. The following protocol shall apply:

i. Each motion for summary judgment shall be supported by a <u>separate</u>, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried. Each fact asserted in the statement shall be supported by a record citation. A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

ii. Each response in opposition shall be accompanied by a <u>separate</u>, short, and concise statement of material facts. The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation. The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

iii. In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply. Accompanying the proposed reply shall be a <u>separate</u>, short, and concise statement of material facts <u>which shall be limited to any additional facts submitted by the opposing party.</u> The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

iv. Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted. The Court may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment. The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

v. Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate. Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

### III.  EXPERTS

12. All affirmative expert reports shall be delivered by **deadline passed.**

13. All responding expert reports shall be delivered by **deadline passed.**

14. a. All expert reports are to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B). No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

   b. All expert depositions shall be completed by **deadline passed.**

### IV.  FINAL PRETRIAL CONFERENCE

15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 28, 2009 at 1:00 p.m.** . The Final Pretrial Conference will occur even if there are dispositive motions pending. The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

16. <u>Not later than **20 working days** before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits. Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court. Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

19. The original joint proposed final pretrial order shall be delivered to the CHAMBERS of the Undersigned no later than **October 23, 2009 at 3:00 p.m.** All counsel are responsible for the timely submission of the Order.

20. The Court expects to engage in meaningful settlement discussions at the final pretrial conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

### V.  MISCELLANEOUS

21. The Court may from time to time schedule conferences as may be required, either <u>sua sponte</u> or at the request of a party.

22. Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request.

Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

23. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

24. Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

25. **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN SANCTIONS.**

<u>s/Patty Shwartz</u>
**UNITED STATES MAGISTRATE JUDGE**