NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RICHARD JALONACK,

    *Plaintiff*,

v.

NEWARK BETH ISRAEL MEDICAL
CENTER and SAINT BARNABAS
HEALTH CARE SYSTEM,

    *Defendants.*

Civil Action No. 08-5443 (KSH)

OPINION AND ORDER

**Katharine S. Hayden, U.S.D.J.**

    Newark Beth Israel Medical Center ("Newark Beth") and Saint Barnabas Health Care System ("St. Barnabas") (collectively, "defendants") have moved for summary judgment on Richard Jalonack's claims under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1, *et seq.* [D.E. 13]. Along with his opposition, Jalonack has filed for partial summary judgment on defendants' counterclaims that he breached a contract with them, and he further moves for summary judgment on his employment discrimination claims [D.E. 14] under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2901, *et seq.* In addition, Jalonack has dropped his federal claim and asked the Court to remand. In its reply papers, defendants urge this Court to retain supplemental jurisdiction.

    The Court has carefully reviewed the parties' respective Local Civil Rule 56.1 Statements of Material Undisputed Facts which are based on full discovery, including excerpts of the

deposition testimony of Jalonack, Kenneth Tyson, his supervisor and Senior Vice President of Newark Beth, Zachary Lipner, Vice President of Human Resources of Newark Beth, and Sidney Seligman, Senior Vice President of Human Resources of St. Barnabas and Newark Beth; internal Newark Beth memoranda discussing incidents between Jalonack and his subordinates; medical evaluations from neurologist Dr. Anna Khanna and neuro-psychologist Dr. James Hill; a document detailing Newark Beth's short-term disability policy; a hand-written note by psychologist Dr. Brian Schweiger medically clearing Jalonack to return to work; a letter from Jalonack's attorney, Gerald Resnick, Esq., to Lipner advising that Jalonack intended to return to work; and two letters from Newark Beth's Human Resources Department to Jalonack, one officially placing him on short-term leave and the other terminating him.

While defendants correctly point out that Jalonack's conduct on the job after he suffered a stroke was marked by outbursts and abusive behavior toward co-workers, which Jalonack for the most part admits, there is a significant factual dispute about the circumstances of his dismissal (which, after all, is the gravamen of his complaint). (*See, generally*, Defs.' L. Civ. R. 56.1 Statement ¶¶ 68-75 and Pl.'s L. Civ. R. 56.1 Statement ¶¶ 30-37.)  Jalonack, by all accounts, took short-term disability to deal with the health issues that defendants appear to agree were related to the stroke and precipitated his offending actions.  He attempted to return to work with a doctor's note clearing him for duty, but was turned away from his office.  By letter of April 14, 2007, issued some weeks after that, he was formally dismissed.  From the record, it appears that as these events unfolded, both sides in this litigation behaved like two ships passing in the night.  The need for a fact finder is obvious.

Defendants removed this case based on Jalonack's federal claim, took discovery, and as part of this motion, launched such a vigorous attack on the federal claim that Jalonack dropped it.

But on the NJLAD claim the record establishes that there may or may not have been an agreement to cobble together available disability insurance so as to provide a soft landing for Jalonack. There is record evidence (*see* Pl.'s L. Civ. R. 56.1 Statement ¶ 46 (citing Tyson Dep. 72:23-74:6)), that Jalonack's medical clearance would have been sufficient for him to return to employment. As such the NJLAD claim survives. Jalonack's motion for partial summary judgment on the counterclaim is denied because it too is directed to the disputed circumstances under which he was terminated. The issue then becomes, do the parties remain in federal court on these solely state law claims between two N.J. residents?

This Court concludes they do not. Had Jalonack filed opposition to the attacks on the federal claim, this Court would have easily concluded that defendants had the better argument. The outcome would have been a dismissal of the federal claim, and as well, dismissal of the balance of the lawsuit because the Court would have declined to exercise supplemental jurisdiction under § 1367(a) of Title 28 of the United States Code, which provides that a district court may, in its discretion, decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction." *Id.* § 1367(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 129 S. Ct. 1862, 1866 (2009) (recognizing that the decision to exercise jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary).

The fact that plaintiff chose not to fight the motion's federal claim does not change the Court's discretion. Indeed, the Supreme Court makes clear that if "federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Gibbs*, 383 U.S. 715, 726 (1966). As the Third Circuit has observed, however, "in a case that has been removed from state court, a remand is a viable alternative to a dismissal without prejudice." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995). Whether dismissed or remanded, each alternative

achieves the *Gibbs* court's goal of avoiding "needless decisions of state law . . . as a matter of comity and to promote justice by procuring for them a surer-footed reading of applicable law." *Gibbs*, 363 U.S. at 727.

In their reply brief, defendants argue against remand, which suggests they perceive they are "better off" in federal court, an insufficient basis for overcoming the well-settled law cited above.  Besides, defendants got what they wanted:  Jalonack has agreed that there is no federal claim.  He brought a state claim in state court, there is no longer a basis for federal jurisdiction over his lawsuit, and keeping the case here rewards forum shopping and ignores the teachings of *Gibbs*.  The Court remands Jalonack's NJLAD claim as a proper exercise of its discretionary function under Section 1367(c).

Good cause appearing,

It is on this 18th day of June, 2010, hereby

**ORDERED** that plaintiff's claim under the Family Medical Leave Act, 29 U.S.C.S. § 2901, is dismissed with prejudice; and it is further

**ORDERED** that defendants' motion for summary judgment of plaintiff's claim under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 *et seq.*, is denied; and it is further

**ORDERED** that plaintiff's motion for partial summary judgment on defendants' counterclaims is denied; and it is further

**ORDERED** that this case is remanded to the New Jersey Superior Court.

/s /Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

Dated:  June 18, 2010